Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNUTE ALLMENDINGER, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | 1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.; |
| CREDIT CONTROL, LLC, | 2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ. |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

KNUTE ALLMENDINGER ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT CONTROL, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection

- 1 -

Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Fiddletown, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with a business address located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C.

§1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11.     Upon information and belief, the debt arose out of transactions that were for personal, family or household purposes.

12.     Throughout May 2015, Defendant's collectors placed repeated harassing debt collection calls to Plaintiff's home telephone seeking to collect a debt from a former acquaintance of Plaintiff, Patrick Kiehl (phonetic).

13.     Plaintiff has not seen or heard from Mr. Kiehl for approximately twelve years.

14.     Defendant's harassing collection calls derived from numbers including, but not limited to 800-281-2338. The undersigned has confirmed that this number is associated with Defendant.

15.     On May 21, 2015, Plaintiff sent Defendant a certified letter demanding its calls cease. See Exhibit "A".

16. Defendant received this letter on May 26, 2015. <u>See</u> Exhibit "B".

17. Despite receipt of this letter, Defendant continued to call.

18. Defendant's actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff for the alleged debt.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

19. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

20. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

21. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

22. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass

or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692c(c) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692c(c) of the FDCPA prohibits debt collectors from communicating with a consumer if the consumer notifies the debt collector in writing that the consumer wishes the debt collector to cease further communication.

24. Defendant violated § 1692c(c) of the FDCPA when it continued to call Plaintiff after receipt of his cease and desist letter.

## COUNT IV
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. In its actions to collect a disputed debt, Defendant violated Cal. Civ. Code §1788.17, which mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

WHEREFORE, Plaintiff, KNUTE ALLMENDINGER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

  d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

  e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KNUTE ALLMENDINGER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: June 12, 2015  KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff Ginsburg

  Amy L. Bennecoff Ginsburg (275805)
  Kimmel & Silverman, P.C
  30 East Butler Pike
  Ambler, PA 19002
  Telephone: (215) 540-8888
  Facsimile (215) 540-8817
  Email: aginsburg@creditlaw.com
  Attorney for Plaintiff